WESLEY G. ROGERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

BASCOM H. ROGERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 41894, 41895. Promulgated February 9, 1932.

*Charles H. Garnett, Esq.*, for the petitioners.
*Maxwell M. Mahany, Esq.*, for the respondent.

OPINION.

LANSDON: The petitioners herein are members in equal interest of a partnership. At Docket Nos. 41894 and 41895 the respondent has asserted deficiencies in income tax for the year 1926 against Wesley G. Rogers and Bascom H. Rogers in the respective amounts of $2,-

062.70 and $2,044.19. Several assignments of error are made in each petition, but at the hearing all were abandoned except the allegation that the Commissioner erred in the inclusion of certain amounts received by the partnership as bonuses on oil and gas subleases. The two proceedings were consolidated for hearing and decision. The facts are stipulated as follows:

The petitioners, members having equal interests in the partnership of Rogers & Rogers of Holdenville, Oklahoma, during the year 1926, were engaged in the business of purchasing undeveloped and unleased oil and gas properties, for which there was a demand for oil and gas leases thereon, pursuant to which they acquired, by purchase, either the fee title to lands believed to contain oil and gas, or the so-called royalty or mineral rights therein, all of which lands and mineral rights were located within the State of Oklahoma.

During the year 1926 they executed as lessors, with respect to such lands, oil and gas leases in the form set forth in the Oil & Gas Mining Lease designated as Mid-Continent No. 88, Revised, a copy of which is submitted herewith and made a part of this stipulation. The leases so executed were upon tracts in which the petitioners owned either the fee simple title or the entire so-called royalty or mineral interest, title to which had been acquired by them through purchase during the years 1925 and 1926. Upon none of these tracts were there as of the date of purchase or of the execution of these leases, any valid prior or existing oil and gas leases.

Pursuant to the execution of said leases the petitioners received a cash consideration, commonly referred to as a bonus. The legal description of such tracts, the character of the interest owned, the cost of such interest, and the amount received pursuant to the execution of said leases, which are for convenience referred to as Group (a) and Group (b), were as follows:

| Tract | Mineral rights owned | Cost of mineral rights | Cash consideration received for execution of leases |
|---|---|---|---|
| *Group (a)* | | | |
| 32–10–6 | Mineral rights | $250.00 | $600.00 |
| 7–6–7 | " | 750.00 | 760.00 |
| 35–9–6 | " | 150.00 | 499.87 |
| 26–9–11 | " | 225.00 | 500.00 |
| | | $1,375.00 | $2,359.87 |
| *Group (b)* | | | |
| 2–8–11 | " | $1,455.87 | $600.00 |
| 36–7–9 | " | 650.11 | 133.33 |
| 4–7–11 | " | 1,229.35 | 850.00 |
| 35–9–10 | " | 1,200.00 | 600.00 |
| 32–7–9 | " | 1,161.50 | 800.00 |
| 19–9–9 | " | 1,137.50 | 1,250.00 |
| 3–7–10 | " | 258.04 | 150.00 |
| | | $8,592.87 | $4,777.08 |

In determining the deficiencies herein, the respondent included as income the entire amount of the sums received, namely $2,359.87 and $4,777.08, and has not allowed as either a deduction or as cost any part of the sums theretofore paid by the petitioners for the fee simple title or mineral interests in the tracts involved.

The petitioners purchased oil and gas rights on divers tracts of lands in Oklahoma at costs above stipulated, and later executed oil and gas leases covering the same lands, and in each instance reserved one-eighth of the production and received a bonus. Their contention is that the amounts paid for the mineral rights were capital investment and that no profit or income inures to them until the amount of such investments has been recovered. In Group (a) the bonus received for each lease exceeded the cost of the mineral rights and they contend that their income therefrom was the difference between the cost of such rights and the bonus received upon the execution of the lease. In Group (b) in each instance the bonus received was less than the cost of the rights leased and their contention is that a loss was sustained in each transaction measured by the difference between cost and bonus. The respondent has determined the deficiency on the theory that all the bonus received in the execution of an oil and gas lease is income to the lessor.

It is now well settled the owners of mineral rights in Oklahoma lands merely own the right to go upon the land and reduce all oil and gas or other minerals to possession by exploration, development and production. They do not own the oil and gas in situs. In the same State it is held that the execution of an oil and gas lease does not convey minerals in place. Such a lease is not real property, but a chattel real. *Duff* v. *Keaton*, 33 Okla.; 92, 124 Pac. 291; *Papoose Oil Co.* v. *Swindler*, 95 Okla. 264; 221 Pac. 506. It is also established that such a lease does not involve a sale of either real or personal property, and is no more than a contract for development. It is not necessary, therefore, to consider or follow the statute covering sales of real and personal property. *Adams* v. *Tidal Oil Co.*, 237 Pac. 443. It is, of course, true that the cost of mineral rights acquired by the petitioners was a capital investment and if the execution of the lease constituted a sale, the petitioners' contention would be sound. Upon the authority of the case cited above we hold, however, that the leases were not sales, but merely licenses to the lessees for certain purposes.

That the bonus received on the execution of a gas and oil lease is income is no longer an open question. In *Work* v. *United States*, 261 U. S. 352, Chief Justice Taft said:

The bonus which was the result of bidding for desirable and profitable oil and gas leases secured for the members of the Osage Tribe the just value of the use of their property which the fixing of royalties in advance by the President was not adapted to give them. It was in effect a supplement to the royalties already determined. It was really part of the royalty or rental in a lump sum or down payment. We do not see how it can be classified as anything else. It was income from the use of the mineral resources of the land. Of course, it involved a consumption and reduction of the mineral value of the land, but so does a royalty. This is an inevitable characteristic of income from the product of the mine.

The Oklahoma courts adhere to this general principle. *Kimbley* v. *Luckey*, 72 Okla. 217; 179 Pac. 928; *Pierce Oil Corporation* v. *Schact*, 75 Okla. 101; 181 Pac. 731; *Gypsy Oil Co.* v. *Schonwald*, 107 Okla. 253; 231 Pac. 864. This Board has also consistently held that a bonus received upon the execution of an oil and gas lease is all income and that no part thereof can be regarded as a return of capital. *Nelson Land & Oil Co.*, 3 B. T. A. 315; *R. H. Hazlett*, 10 B. T. A. 332; *Murphy Oil Co.*, 15 B. T. A. 1195; *F. O. Burket et al.*, 18 B. T. A. 1062. The determination of the respondent is approved. Petitioners, through their counsel, having abandoned all other allegations of error, the determination of the respondent in respect thereof is approved.

*Decision will be entered for the respondent.*